UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TRAVIS MOYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF ALPHARETTA, | ) | CIVIL ACTION NO. |
| ALPHARETTA POLICE CHIEF | ) | 1:22-cv-02942-ELR |
| JOHN ROBISON, ALPHARETTA | ) | |
| POLICE LIEUTENANT R.A. | ) | |
| SPLAWN, ALPHARETTA POLICE | ) | |
| OFFICER MICHAEL ESPOSITO, | ) | |
| ALPHARETTA POLICE OFFICER J.J. | ) | |
| FRUDDEN, ALPHARETTA POLICE | ) | |
| OFFICER CHRISTOPHER | ) | |
| BENFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO EXCLUDE UNAUTHENTICATED VIDEOS AND OTHER DOCUMENTARY EVIDENCE RELIED ON BY DEFENDANTS IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADNGS**

**COMES NOW** Plaintiff Travis Moya ("Plaintiff"), by and through his undersigned counsel of record and hereby moves to exclude the unauthenticated body camera videos and other extrinsic evidence relied on by Defendants to support their respective motions for judgment on the pleadings (Docs. 22 and 23) showing this Honorable Court that said Motion should be granted for the reasons that follow:

1

In support of their motion for judgment on the pleadings, the officer defendants rely on extrinsic body camera videos and 911 audio attached to their answer (manually filed without identifying which body camera videos are included), and the city defendants separately filed and rely on sections from the City's standard operating policies and procedures (Docs. 23-2, 23-3) (the "extrinsic evidence").

This extrinsic evidence is not "undisputed." In the Eleventh Circuit, to be "undisputed" in this context means that the authenticity of the evidence has not been challenged.[1] "[T]he rule does not require the Court to <u>determine</u> authenticity; instead, it only requires a <u>challenge</u> to the authenticity."[2] Plaintiffs hereby challenge the authenticity of the extrinsic videos because Plaintiff was not privy to the 911 call and does not have personal knowledge as to what events the officers' body cameras originally recorded. *See Miller v. City of Atlanta*, Civil Action No. 1:21-cv-03752-SDG, Doc. 57 (N.D. Ga., Sept. 29, 2022) (excluding extrinsic videos based on challenge to authenticity).

Pursuant to Rule 901, as the proponent of extrinsic evidence, Defendants had the <u>prima facie burden</u> to produce "evidence sufficient to support a finding

---

[1] *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

[2] *United States ex rel. Dixie Commc'ns Sys., Inc. v. Travelers Cas. & Sur. Co. of Am.*, CV 118-210, 2019 WL 4644247, at *3 (S.D. Ga. Sept. 23, 2019) (emphasis added).

that the item is what the proponent claims it is."[3] Defendants have not presented any evidence to meet their burden in this regard. Thus, Defendants have presented no certifications from any records custodians, no affidavits from the officers or any of the civilian witnesses who personally observed the events depicted in the videos, no information regarding chain of custody or the extent of alterations, or any other evidence to support a finding of authenticity, much less identifying the persons or events depicted in the videos. Plaintiff is not required to blindly accept that the extrinsic evidence is authentic absent a proper showing of authenticity.

Because Defendants failed to satisfy their prima facie burden in this regard as required under Rule 901, and because authenticity of the extrinsic evidence has been reasonably challenged, said evidence is not "undisputed" and thus cannot be incorporated by reference on Defendants' motions for judgment on the pleadings, regardless of whether the extrinsic evidence is "central" to the

---

[3] Fed. R. Evid. 901(a); Fed. R. Evid. 1101 (FRE applies to all stages of a civil proceeding before a U.S. district court, and provides not exception allowing the Court to consider unauthenticated documents when deciding a motion to dismiss); *see also Mullinax*, 2011 WL 4085933, at *7; *Rahmaan v. McQuilkin*, 1:19-CV-02962-SDG, 2021 WL 86842, at *3 (N.D. Ga. Jan. 11, 2021) (citing Rule 901 to analyze authenticity of public records specifically referenced in complaint and presented for consideration on motion to dismiss); *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments*, LLC, 825 F. Supp. 2d 1072, 1076 (D. Colo. 2011) (refusing to consider exhibits attached to motion to dismiss because defendant failed to satisfy Rule 901).

Case 1:22-cv-02942-ELR   Document 28   Filed 10/18/22   Page 4 of 6

Complaint.[4] Accordingly, the Court should disregard and exclude the extrinsic videos from consideration and allow Plaintiffs "to conduct discovery into the circumstances of their production and completeness."[5]

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that the Court GRANT Plaintiffs' motion and exclude the extrinsic videos and other documentary evidence on which Defendants rely to support their motions for judgment on the pleadings, and for such other relief as this Court deems just and proper.

The undersigned, in accordance with L.R. 7.1 and 5.1(C), hereby certifies that the type-font used herein is 13-Point Book Antigua font.

This 18th day of October, 2022.

/s/ Dianna J. Lee
Dianna J. Lee
Georgia Bar No. 163391

**STEWART MILLER SIMMONS TRIAL ATTORNEYS**

---

[4] *Mullinax*, 2011 WL 4085933, at *7 (refusing incorporation of extrinsic documents which were "admittedly central" to the Complaint but "the accuracy and the authenticity of [which were] in dispute"); *Flentye v. Kathrein*, 485 F.Supp.2d 903, 917 (N.D.Ill.2007) (refusing incorporation of unauthenticated evidence which contradicted allegations in complaint).

[5] *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010); *Smith v. City of Greensboro,* 1:19CV386, 2020 WL 1452114, at *4 (M.D.N.C. Mar. 25, 2020), *reconsideration denied,* 1:19CV386, 2021 WL 5771544 (M.D.N.C. Dec. 6, 2021) ("[U]nlike in *Scott*, the parties have not had an opportunity to conduct discovery. If the allegations in the complaint are well pleaded, Plaintiffs deserve the opportunity to marshal what evidence they can in support.").

55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Gerogia 30308
(844) 874-2500 main
dlee@smstrial.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing PLAINTIFF'S MOTION TO EXCLUDE EXTRINSIC VIDEOS AND OTHER DOCUMENTARY EVIDENCE with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record registered with the CM/ECF system.

This 18th day of October, 2022.

/s/ Dianna J. Lee
Dianna J. Lee
Georgia Bar No. 163391

**STEWART MILLER SIMMONS TRIAL ATTORNEYS**
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Gerogia 30308
(844) 874-2500 main
(470) 344-6719 fax
dlee@smstrial.com
*Counsel for Plaintiffs*