**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| TRAVIS MOYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF ALPHARETTA, | ) | CIVIL ACTION NO. |
| ALPHARETTA POLICE CHIEF | ) | 1:22-cv-02942-ELR |
| JOHN ROBISON, ALPHARETTA | ) | |
| POLICE LIEUTENANT R.A. | ) | |
| SPLAWN, ALPHARETTA POLICE | ) | |
| OFFICER MICHAEL ESPOSITO, | ) | |
| ALPHARETTA POLICE OFFICER J.J. | ) | |
| FRUDDEN, ALPHARETTA POLICE | ) | |
| OFFICER CHRISTOPHER | ) | |
| BENFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION TO EXCLUDE UNAUTHENTICATED VIDEOS AND OTHER DOCUMENTARY EVIDENCE RELIED ON BY DEFENDANTS IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADNGS

**COMES NOW** Plaintiff Travis Moya ("Plaintiff") and hereby files his Reply Brief in further support of his motion to exclude the unauthenticated body camera videos and other extrinsic evidence relied on by Defendants to support their respective motions for judgment on the pleadings (Docs. 22 and 23) showing this Honorable Court that said Motion should be granted:

1

As an initial matter, and in light of the filing of Esposito's Affidavit properly which laid the proper foundation and authenticated his body camera video, Plaintiff withdraws his objection and motion to exclude to the extent it seeks to exclude Esposito's body camera video footage from consideration on Defendants' Motions for Judgment on the Pleadings (Docs. 22 and 23) and/or Plaintiff's Motion for Leave to Amend the Complaint (Doc. 27). However, Plaintiff maintains his objections to the remaining unauthenticated body camera videos and 911 audio on which Defendants rely.

Contrary to Defendants' contention otherwise, the challenged 911 audio and body camera videos were not incorporated by reference into the initial or first amended complaint.[1] The "incorporation by reference" doctrine "allows a court to consider documents attached to a motion to dismiss if the documents are 'referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity.'"[2]

With regard to the audio recording of the 911 call, the complaint only alleges that Plaintiff's family called 911 to request an ambulance and did not report any information indicating that Plaintiff had committed a crime, that he had a weapon,

---

[1] Doc. 38 (citing Doc. 1, ¶¶ 12).

[2] *Cook v. Cobb Cnty., Georgia*, No. 1:22-CV-00121-JPB, 2022 WL 3758235, at *1 (N.D. Ga. Aug. 29, 2022) (quoting *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018)).

or that he was threatening physical harm to his family, himself, or any other person.[3] The complaint does not allege that the 911 call had been recorded and does not expressly reference the extrinsic audio recording on which Defendants rely. In contrast, *see Cook v. Cobb Cnty., Georgia*, No. 1:22-CV-00121-JPB, 2022 WL 3758235, at *1 (N.D. Ga. Aug. 29, 2022) ("Plaintiffs' Complaint specifically states that both the vehicle chase and the fatal shooting of Decedent were recorded by Officer Karneol."). Likewise, other than Esposito's body camera footage, no other officer's bodycam footage was expressly referenced or otherwise referred to in the complaint.

Moreover, the challenged 911 audio and body camera videos are not central to the complaint because they are not a "necessary part of [Plaintiff's] effort to make out a claim."[4] Specifically, the substance of the 911 audio is immaterial because Defendants did not have access to any of the information conveyed on the 911 call, and instead only had knowledge of the information provided to them by the dispatcher. Although the dispatch call was also audio recorded, Defendants have made no effort to present said evidence to the court. Likewise, given Plaintiff's reliance on Esposito's body camera video footage, the other officers' footage is not necessary to establish any of the claims asserted in the Complaint.

---

[3] Doc. 1 at 12.
[4] *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

As to the final element of undisputed authenticity, "[a] plaintiff can dispute the authenticity of a document simply by saying that the proffered document is not the one referred to in her complaint."[5] The challenged 911 audio and bodycam videos are not of undisputed authenticity because Defendants failed to lay a proper foundation to authenticate the same. In contrast, *see Cook v. Cobb Cnty., Georgia,* No. 1:22-CV-00121-JPB, 2022 WL 3758235, at *2 (N.D. Ga. Aug. 29, 2022) ("Because Turner laid the proper foundation for the videos in question, no dispute exists as to the authenticity of the documents.").

According to Defendants, they "cannot provide a certification from the Alpharetta Police Department of the videos or 911 call" because the GBI restricted the challenged records such that "the Alpharetta Police Department is prohibited by state law from discussing, releasing, or acknowledging the existence of records related to Moya's arrest and prosecution if these records are <u>requested under the Georgia Open Records Act</u>."[6] Presumably, Defendants have not requested their own records under the Georgia Open Records Act and as such, the restriction does not apply.

---

[5] *Cook v. Cobb Cnty., Georgia*, No. 1:22-CV-00121-JPB, 2022 WL 3758235, at *2 (N.D. Ga. Aug. 29, 2022).

[6] Doc. 38 at 2, 4.

Moreover and in any event, and contrary to Defendants' contentions otherwise, Rule 901 does not require a "certified copy" to lay the proper foundation for the challenged extrinsic evidence. "Authentication or identification under rule 901 merely involves the process of presenting sufficient evidence to make out a *prima facie* case that the proffered evidence is what it purports to be."[7] For example, like Esposito, Defendants Frudden and Benfield could have easily prepared and submitted an affidavit identifying their bodycam videos as true and accurate depictions. Without offering any explanation, Defendants did not do so.[8] Because Defendants failed to meet their *prima facie* burden under Rule 901 as to Defendants Frudden and Benfield's bodycam videos, as well as the 911 audio and the other documentary evidence on which they rely, said extrinsic evidence should be

---

[7] *United States v. Caldwell*, 776 F.2d 989, 1001–02 (11th Cir. 1985) ("The decision of whether or not a particular piece of evidence has been appropriately identified falls within the discretionary function of the district court, and that determination will not be disturbed on appeal absent a showing that there is 'no competent evidence in the record to support it.'").

[8] *McHale v. Crown Equip. Corp.*, No. 21-14005, 2022 WL 4350702, at *4 (11th Cir. Sept. 20, 2022) ("There is no evidence of when the video was originally recorded, what device made the recording, or any witness testimony to the accuracy of the accident or whether the video had been altered. All we know is that the video was pulled from YouTube. With no competent evidence on the record authenticating the video, the district court did not abuse its discretion in excluding the video.").

disregarded and excluded from consideration in connection with any of the motions presently pending before the court.[9]

WHEREFORE, Plaintiff respectfully requests that the Court GRANT Plaintiff's motion and exclude the unauthenticated 911 audio videos, Defendants Frudden and Benfield's bodycam videos, and the other documentary evidence on which Defendants from consideration in connection with any of the motions presently pending before the court, and for such other relief as this Court deems just and proper.

This 29th day of November, 2022.

/s/ Dianna J. Lee
Dianna J. Lee
Georgia Bar No. 163391

**STEWART MILLER SIMMONS TRIAL ATTORNEYS**
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Gerogia 30308
(844) 874-2500 main
dlee@smstrial.com

---

[9] *McHale v. Crown Equip. Corp.*, No. 21-14005, 2022 WL 4350702, at *4 (11th Cir. Sept. 20, 2022) ("With no competent evidence on the record authenticating the video, the district court did not abuse its discretion in excluding the video.").

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION TO EXCLUDE EXTRINSIC EVIDENCE with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record registered with the CM/ECF system.

This 29th day of November, 2022.

/s/ Dianna J. Lee
Dianna J. Lee
Georgia Bar No. 163391

STEWART MILLER SIMMONS TRIAL ATTORNEYS
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Gerogia 30308
(844) 874-2500 main
(470) 344-6719 fax
dlee@smstrial.com
*Counsel for Plaintiffs*